Joshua S. Van de Wetering
Van de Wetering Law Offices, P.C.
512 E. Broadway
P.O. Box 7575
Missoula, MT 59807
(406) 274-0029
josh@vdwlaw.net

Attorney for Plaintiff

**Received Law Dept.**

FEB 16 2018

**Received Law Dept**

FEB 16 2018  10:52am
Accepted Service at CNA
Anastasia Jackson

---

## MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

| | |
|---|---|
| ROBERT BRAACH and BRAACH ACCOUNTING SERVICES, P.C.,<br><br>Plaintiff,<br><br>vs.<br><br>CNA INSURANCE, a/k/a CONTINENTAL CASUALTY INSURANCE COMPANY<br><br>Defendant. | CAUSE NO. DV-17-981<br>Dept. 1<br>Leslie Halligan<br><br>**SUMMONS**<br>**(CNA)** |

**THE STATE OF MONTANA TO THE ABOVE-NAMED DEFENDANTS, GREETINGS:**

    **CNA INSURANCE, a/k/a CONTINENTAL CASUALTY INSURANCE COMPANY**

You, the Defendant, are hereby summoned to answer the Amended

Complaint in this action by appearing and filing your answer in the District Court

within twenty-one (21) days after the service of the Summons and copy of the Complaint, exclusive of the day of service. You are further required to serve a copy of your answer upon Josh Van de Wetering of Van de Wetering Law Offices, P.C. attorney for the Plaintiff.

In case you fail to appear or answer, Plaintiff may take Judgment against you by default for the relief demanded in the Complaint.

WITNESS, my hand and the seal of this Court this 15th day of February, 2017.

                                  CLERK OF THE DISTRICT COURT
                                  Shirley E. Faust

By: _____
     Deputy Clerk

Josh Van de Wetering
Van de Wetering Law Offices, P.C.
512 E. Broadway
PO Box 7575
Missoula, MT 59802
Tel: 406-543-6577
Fax: 406-543-1620
Email: Josh@vdwlaw.net

ATTORNEY FOR PLAINTIFF

FILED SEP 29 2017
SHIRLEY E. FAUST, CLERK
By_____ Deputy

IN THE FOURTH JUDICIAL DISTRICT COURT
STATE OF MONTANA, MISSOULA COUNTY

ROBERT BRAACH, and BRAACH ACCOUNTING SERVICES, P.C.

Plaintiffs,

-vs-

CNA Insurance, a/k/a CONTINENTAL CASUALTY COMPANY,

Defendant.

Cause No. DV-17-981
Dept. 1   Leslie Halligan

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## THE PARTIES

1. Robert Braach is a man living in Missoula, Montana, where he has lived for decades and where he has also done business.

COMPLAINT AND DEMAND FOR JURY TRIAL

PAGE 1

2. Braach Accounting Services, P.C. was an accounting business located in Missoula and doing business until 2015. It was solely owned by Plaintiff Robert Braach.

3. CNA Insurance is corporation headquartered in Chicago, Illinois, doing business across the United States, including in Montana. It sells insurance products under a variety of business names, including Continental Casualty Company.

## JURSIDICTION AND VENUE

4. The District Court has jurisdiction over this action pursuant to MCA §§ 3-5-302 and 7-32-2109(a). Venue is appropriate in this Court pursuant to MCA § 25-2-126 since Mr. Braach lives in Missoula County and most of the witnesses are in Missoula County.

## FACTS

5. In June 2007 Robert Braach purchased professional liability insurance from CNA for his accounting practice, Braach Accounting Services.

6. The policy covered among other things, errors or omissions Mr. Braach or his employees might have made during the course of their professional work, and provided that CNA would defend against law suits against Mr. Braach, his employees, Braach Accounting might face as a result of their professional work.

COMPLAINT AND DEMAND FOR JURY TRIAL

PAGE 2

7. Mr. Braach purchased the policy through a marketing effort CNA undertook with a professional organization to which Mr. Braach belonged, the American Institute of Certified Public Accountants (AICPA).

8. At the time Mr. Braach had a number of clients, but far and way his biggest was Mr. Steven Sann and Mr. Sann's various companies. Those companies were engaged in providing add-on telecommunications services for telephone customers around the country, and found its customers through internet marketing. Mr. Braach and Braach Accounting provided back office accounting, business management and advising, and regulatory compliance services on a flat-fee contractual basis to Mr. Sann and his companies. He was not part of Mr. Sann's business operations, and did not share in their profits or losses.

9. In January 2013 Mr. Braach was sued by the Federal Trade Commission (FTC) in a suit related to work Mr. Braach did for his largest client, Steve Sann and Mr. Sann's various corporations. The suit alleged that Mr. Sann's companies, as well as Mr. Sann and Mr. Braach personally, as well as Braach Accounting had committed fraud and unfair trade practices, and sought an injunction in addition to approximately 70 million dollars in damages.

10. The policy purchased in 2007 was still in effect, so Mr. Braach immediately notified CNA of the suit and sought both a defense and indemnification if

COMPLAINT AND DEMAND FOR JURY TRIAL

necessary. In the meantime, Mr. Braach retained private counsel to respond to the suit.

11. A number of weeks later Mr. Braach received notice from CNA that his claim was being rejected, both for defense and for indemnification. The company stated as its reasons that the 70 million the FTC sought was not "damages" since it sought in its suit "disgorgement" of monies gained; that Braach Accounting, in performing work for Mr. Sann, was not engaged in "public accountancy" as required by the policy, and therefore neither Mr. Braach nor Braach Accounting were covered; and that the policy did not cover fraud or other criminal acts.

12. Mr. Braach's counsel responded with a letter pointing out that the fraud allegations were merely allegations, and therefore a defense at least was necessary under the policy terms; that by the policy's language it covered "monetary judgments, awards, and settlements" and a claim for "disgorgement" of assets, if at all successful would result in a "monetary judgment, award or settlement;" and finally that the State of Montana accepted the AICPA definition of "public accountancy" as all services,

"performed by a member for a client...requiring accountancy or related skills, accounting, audit and other attest services, tax, bookkeeping, management consulting, financial management, corporate governance,

COMPLAINT AND DEMAND FOR JURY TRIAL

personal financial planning, business valuation, litigation support, educational, and those services for which standards are promulgated by bodies designated by council." AICPA Code of Professional Conduct The definition is broad and includes the work done by Mr. Braach and Braach Accounting. The policy provides no definition for "public accountancy".

13. CNA responded by continuing to deny the claim, and by cancelling the policy.

14. After some negotiation CNA agreed to defend the lawsuit, but continued to maintain that they were not obligated under the policy to indemnify.

15. In September 2013 the suit was stayed when Mr. Sann was charged criminally for his conduct outlined in the lawsuit. Mr. Braach was not charge with any crimes. CNA agreed to continue to defend until the stay was lifted, at which time they said they would revisit the decision to defend.

16. By October of 2016, the stay having been lifted, Mr. Braach, through counsel, and the FTC were in serious settlement talks. Counsel for Mr. Braach then contacted CNA to once again seek coverage and to invite them to participate in the negotiation process. CNA reiterated its position that it would not cover any settlement, and added that it also would no longer defend.

COMPLAINT AND DEMAND FOR JURY TRIAL

PAGE 5

17. Mr. Braach did settle with the FTC for $75,000, with the agreement being accepted by the Court in January 2017. By the terms of the settlement Mr. Braach did not admit any wrong-doing.

18. In settling, Mr. Braach was forced to remove money from his retirement account, at considerable tax loss, and loss of investment gains that have since transpired in the market.

## COUNT I – UDJA

1. Plaintiff realleges and restates all of the allegations contained in the preceding paragraphs.

2. Montana law provides that a court of record may declare that an insurer must defend and indemnify under the terms of an insurance contract. MCA 8-27-201. The court may issue the declaration either before or after a breach of contract. MCA 27-8-203.

3. Mr. Braach and Braach Accounting had an insurance policy issued by CNA which provided indemnification for errors or omissions arising in the course of its work, up to one million dollars, including settlements reached with entities claiming errors or omissions. It also guaranteed to defend against accusations made against Mr. Braach or Braach Accounting and its employees arising from its work.

4. Just such a claim was made against Mr. Braach and Braach Accounting by the

COMPLAINT AND DEMAND FOR JURY TRIAL

PAGE 6

Ex. A - page8

FTC. Mr. Braach reached settlement on the claim.

5. No policy exclusions apply to the situation. CNA was therefore obligated under the terms of its policy to pay the full costs of defending the lawsuit and to cover the amount of the settlement.

6. CNA did not pay the full costs of the defense of the lawsuit (though it paid some), and did not indemnify Mr. Braach for the settlement. It is therefore is violation of the UDJA.

7. CNA's failure was made in bad faith.

WHEREFORE Plaintiff prays for relief as follows:

1. Damages in an amount to be proven at trial;

2. Reasonable attorney's fees and costs;

3. Costs of the suit; and

4. Such other relief that this Court may deem just.

DATED this 29th day of September, 2017.

Joshua S. Van de Wetering
Van de Wetering Law Offices, P.C.

COMPLAINT AND DEMAND FOR JURY TRIAL

PAGE 7

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff and demands a jury trial on all issues of fact in the above case.

DATED this 29th day of September, 2017.

Joshua S. Van de Wetering
Van de Wetering Law Offices, P.C.

COMPLAINT AND DEMAND FOR JURY TRIAL

PAGE 8